## SETTLEMENT, SEPARATION & CONSULTING AGREEMENT

**THIS SETTLEMENT, SEPARATION & CONSULTING AGREEMENT** ("Agreement") is deemed effective as of the 6th day of August 2018, by and between **THE BOARD OF TRUSTEES OF GARDEN CITY COMMUNITY COLLEGE and GARDEN CITY COMMUNITY COLLEGE** (together referred to as the "Board"), and **DR. HERBERT J. SWENDER** ("Swender").

**W I T N E S S E T H:**

**WHEREAS**, the Board initially employed Swender on July 1, 2011 to serve as President of the Garden City Community College ("GCCC"), and has served as President since that date; and

**WHEREAS**, Swender is currently employed pursuant to the terms and conditions of the "Employment Contract Garden City Community College President," dated July 1, 2017, and the "Addendum to Employment Contract Garden City Community College President," dated December 12, 2017 (together referred to as the "Employment Contract"); and

**WHEREAS**, the parties hereby desire to (i) terminate the Employment Contract pursuant to paragraph 6(A) of the Employment Contract and the terms and conditions set forth herein, and (ii) provide for certain other matters, upon the terms and conditions set forth herein.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**1.** **Incorporation of Recitals.** The parties agree that the above recitals are hereby incorporated herein.

**2.** **Continued Employment.** Upon the effective date of this Agreement, Swender shall cease serving as President of GCCC and shall hold no executive or administrative position or title with GCCC. Swender shall remain a regular employee of GCCC to provide consultation services as the Board may reasonably request through January 1, 2019, at which time Swender's employment with GCCC and the Employment Contract shall terminate. The Board will not provide Swender an office on the GCCC campus, or at any other location. The Board shall continue to pay Swender, and Swender shall be entitled to receive, his present salary and benefits through January 1, 2018. Such payments shall not be subject to any reduction or setoff. Swender's continued employment through January 1, 2019 and the Employment Contract shall not be subject to earlier termination for any reason whatsoever.

**3.** **Settlement Payment.** After January 1, 2019, and no later than January 15, 2019, the Board shall pay, by wire transferred funds, the lump sum of Two Hundred Seventy-Eight Thousand Six Hundred dollars ($ 278,600.00) to HJS Consulting, LLC a limited liability

Exhibit C

company to be owned solely by Swender. Such payments shall not be subject to any reduction or setoff.

**4.     Swender Release.**  Except for the obligations of this Agreement, and except as is otherwise provided in this Agreement, Swender shall and does hereby release and forever discharge the Board, as a body, and its respective successors, predecessors, and assigns, from any and all actions, causes of action, suits, proceedings, debts due, contracts, demands, liabilities, losses, damages, costs and expenses of any nature whatsoever, at law or in equity, which Swender may now have, for or by reason of any matter, cause or thing whatsoever, whether known or unknown, arising out of or in any way in connection with the Board's employment of Swender. Swender does not release or discharge any individual trustee, agent, employee, or representative of the Board from any actions, causes of action, suits, proceedings, debts due, contracts, demands, liabilities, losses, damages, costs and expenses of any nature whatsoever, at law or in equity, for any acts or omissions outside the scope of their employment, statutory authority, obligations or duties, or which were not authorized by the Board.

**5.     Board Release.**  Except for the obligations of this Agreement, and except as is otherwise provided in this Agreement, the Board shall and does hereby release and forever discharge Swender, and his heirs, agents, representatives, successors, and assigns from any and all actions, causes of action, suits, proceedings, debts due, contracts, demands, liabilities, losses, damages, costs and expenses of any nature whatsoever, at law or in equity, which the Board may now have, for or by reason of any matter, cause or thing whatsoever, whether known or unknown, arising out of or in any way in connection with the Board's employment of Swender.

**6.     Indemnification.**  The Board hereby agrees to defend, indemnify and hold harmless Swender from and against any and all loss, claims, actions, liabilities, costs and expenses related thereto, incurred or resulting from Swender's acts or omissions within the scope of his job duties, or which were authorized by the Board, if such actions, claims, acts or omissions are covered by the Board's insurance policy(ies). The Board shall secure and maintain casualty, general liability, and error and omission insurance policy(ies) with at least the same policy(ies) limits, as is currently in place on the effective date of this Agreement. The Board shall provide Swender with copies of such policy(ies), related endorsements, and declarations, if requested.

**7.     Survival of this Agreement.**  The obligations, covenants, agreements, warranties, representations and indemnifications included or provided for herein shall survive the execution of this Agreement and the payments made pursuant to Sections 2 and 3 of this Agreement. In the event any of the terms, conditions or covenants contained in this Agreement is held to be invalid, any such invalidity shall not affect any other term, condition or covenant contained herein, which terms, conditions or covenants shall remain in full force and effect.

**8.     No Admission of Liability.**  It is understood that the terms reached and contained in this Agreement are a compromise and settlement of claims and obligations, both known and unknown, which are or may be disputed. All parties acknowledge and agree that no provision of this Agreement, or a party's performance of any obligation of this Agreement is or implies any admission of liability.

2

9. **Consultation with an Attorney; Understanding; Attorney Fees.** The parties acknowledge and represent that they have been advised to consult with an attorney prior to execution of this Agreement and, in signing this Agreement, they have exclusively relied upon their own judgment and the advice of their attorneys, and not upon any statement or representation of any other party or legal counsel. The parties acknowledge and represent that they understand the terms and conditions of this Agreement, agree to abide by it, and voluntarily execute it without any reservation.

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Kansas without regard to Kansas conflict of laws principles.

11. **Entire Agreement.** This Agreement constitutes the entire understanding of the parties and there are no other oral or written understandings between them relating to the subject matter of this Agreement.

12. **Amendment and Modifications.** This Agreement may only be amended or modified in writing signed by the parties.

13. **Counterparts and Signatures.** This Agreement may be executed simultaneously in two (2) or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Facsimile signatures, electronic signatures and pdf-captured signatures of the parties hereto shall be binding.

14. **Headings.** The headings contained in this Agreement are for convenience and reference purposes only and shall not affect the meaning or interpretation of this Agreement.

15. **Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, permitted assigns, heirs and personal representatives. Anderson may not assign this Agreement.

16. **Terms and Words.** All terms and words used in this Agreement, regardless of numbers and genders in which they are used, shall be deemed to include singular or plural and all genders as the context or sense of this Agreement or any section or clause herein may require.

17. **Further Action.** The parties shall execute and deliver all documents, provide all information and take, or refrain from taking, any and all actions as may be necessary or appropriate now or in the future to achieve the purposes of this Agreement. The parties agree that they will not, either directly or indirectly, take any action which would interfere with the performance of this Agreement by any other Party hereto, or which would adversely affect any of the rights provided for herein.

18. **Approval of Agreement.** This Agreement was approved by a majority vote of the Board, and the Board authorized the Chairperson to sign the Agreement on behalf of the Board.

3

**IN WITNESS WHEREOF**, the parties hereto deem this Settlement, Separation & Consulting Agreement effective as of the day and year first above written.

**THE BOARD OF TRUSTEES OF GARDEN CITY COMMUNITY COLLEGE and GARDEN CITY COMMUNITY COLLEGE**

_Aug 6, 2018_
Date

By_____
Steve Martinez, Chairperson

**DR. HERBERT J. SWENDER**

_8-6-18_
Date

By_____
Dr. Herbert J. Swender

4