IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HERBERT J. SWENDER,

    *Plaintiff*,

v.

GARDEN CITY COMMUNITY
COLLEGE, et al.,

    *Defendants*.

Case No. 23-CV-4067-EFM

**MEMORANDUM AND ORDER**

    Before the Court are two motions. First, Defendant Garden City Community College ("GCCC") bring a Motion to Dismiss (Doc. 21). Second, Defendant Randall D. Grisell ("Attorney Grisell") and Defendant Doering, Grisell & Cunningham, P.A. (the "Law Firm") bring a Joint Motion for Judgment on the Pleadings (Doc. 25).

    Plaintiff Herbert J. Swender filed suit against GCCC, Attorney Grisell, and the Law Firm. Swender alleges that Attorney Grisell—a GCCC contractor and Law Firm employee—is liable for legal malpractice and negligent representation. Swender also claims that the Law Firm and GCCC are vicariously liable for Attorney Grisell's torts. Lastly, Swender contends that GCCC is separately liable for breach of contract by failing to fully provide retirement benefits as detailed under his Employment Contract.

    For the reasons stated below, the Court finds that Swender's failure to provide adequate notice to GCCC strips this Court of the jurisdiction necessary to evaluate his legal malpractice and negligent representation claims. However, the Court finds that Swender pleads enough facts to

state a plausible breach of contract claim. As such, the Court grants GCCC's Motion as to Swender's tort claims and denies GCCC's Motion as to Swender's breach of contract claims. Moreover, because Swender's claims against Attorney Grisell and the Law Firm are time-barred by the relevant statute of limitations, the Court grants their Joint Motion for Judgment on the Pleadings.

## I.     Factual and Procedural Background[1]

On July 1, 2011, GCCC and Swender entered into a contract (the "Employment Contract") whereby GCCC hired Swender to serve as its next president. The Employment Contract outlined Swender's various job duties and responsibilities, as well as his annual salary and benefits.

On April 10, 2018, some female GCCC students (the "Students") attended a Board of Trustees' meeting to voice complaints of experiencing sexual harassment on campus. In deciding how to react, Swender consulted his chief of security, his human resources director, and Attorney Grisell.[2] All three advised Swender to serve the Students with an indefinite "No Trespass Order," which would prohibit those Students from frequenting campus. Attorney Grisell drafted the No Trespass Order and told Swender that it was "good and valid." The No Trespass Order did not specify a termination date or detail whether the Students could appeal it for review. On April 25, 2018, GCCC served the Students with the No Trespass Order.

Shortly thereafter, the Students obtained counsel to investigate GCCC's policies and procedures. After a few months of discussion between GCCC and the Students' attorneys, GCCC agreed to lift the No Trespass Order on July 27, 2018. These events led to internal GCCC discussions, which ultimately resulted in an agreement for Swender's resignation.

---

[1] The facts in this section are taken from Plaintiff's Complaint and attachments unless otherwise cited.

[2] As a partner at Doering, Grisell & Cunningham, P.A., GCCC was one of Attorney Grisell's clients. Attorney Grisell served as GCCC's primary legal counsel and acting agent.

On August 6, 2018, GCCC and Swender entered into an agreement (the "Separation Agreement") under which Swender's formal employment relationship with GCCC would immediately terminate, but GCCC would retain Swender as an independent consultant through the end of the year. Under the "Continued Employment" section of the Separation Agreement, both parties agreed to the following:

> Swender shall remain a regular employee of GCCC to provide consultation services as the Board may reasonably request through January 1, 2019, at which time Swender's employment with GCCC and the Employment Contract shall terminate. . . . The Board shall continue to pay Swender, and Swender shall be entitled to receive, his present salary and benefits through January 1, 201[9].[3] Such payments shall not be subject to any reduction or setoff. Swender's continued employment through January 1, 2019 and the Employment Contract shall not be subject to earlier termination for any reason whatsoever.

Under the "Swender Release" section of the Separation Agreement, both parties agreed to the following:

> Swender shall and does hereby release and forever discharge [GCCC] . . . from any and all actions, causes of action, suits, proceedings, debts due, contracts, demands, liabilities, losses, damages, costs and expenses of any nature whatsoever, at law or in equity, which Swender may now have, for or by reason of any matter, cause or thing whatsoever, whether known or unknown, arising out of or in any way in connection with the [GCCC]'s employment of Swender.

Under section 5(N) of the Employment Contract, one of the benefits Swender received included coverage by the Kansas Public Employees Retirement System ("KPERS"). This program invests a portion of the contributor's paycheck into a retirement system, so that when the contributor retires, KPERS will pay him a lifetime monthly benefit. Under the terms of the Separation Agreement, Swender believed that he would retain this benefit through January 1, 2019.

Due to the terms of the Separation Agreement, GCCC believed that Swender was no longer an employee and was an independent consultant instead. Thus, on August 7, 2018—the day after

---

[3] The contract states "2018," but both parties agree that this error that should be corrected to state "2019."

-3-

the parties signed the Separation Agreement—GCCC notified KPERS that it no longer employed Swender as a full-time public employee. Swender did not learn that GCCC had done this until December 2018 when he applied to KPERS for retirement benefits. At that time, KPERS informed Swender that he could not claim certain benefits under his retirement plan because he did not finish the 2018 year as a GCCC employee. Rather, because he worked from August through December as an independent consultant, that time did not count toward time worked as a GCCC "employee." Swender ceased working for GCCC on January 1, 2019.

Despite ongoing negations between GCCC and the Students' legal counsel, on February 22, 2020, the Students sued GCCC and numerous school administrators, including Swender. The Students settled their claims on February 22, 2023. Although Swender was a party to the settlement agreement, he did not participate financially in the settlement and paid no money to the Students.

On August 2, 2023, Swender filed suit against GCCC, Attorney Grisell, and the Law Firm. Swender claims that his injuries were the direct and proximate result of his reliance on Attorney Grisell's advice to institute the No Trespass Order against the Students. But for that advice, he would have never suffered early termination, KPERS misallocation, and involuntary involvement in the Students' lawsuit which resulted in considerable financial and reputational harm.

On October 10, 2023, GCCC filed a Motion to Dismiss. On October 3, 2023, Attorney Grisell and the Law Firm filed a Joint Answer, which was followed by a Joint Motion for Judgment on the Pleadings a few weeks later. Both Motions are now ripe for ruling.

## II. Legal Standards

**A.      Dismissal for Lack of Subject Matter Jurisdiction**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim for lack of subject-matter jurisdiction.[4] Federal courts are courts of limited jurisdiction, and a presumption exists against exercising jurisdiction over a case.[5] Thus, the Court may exercise jurisdiction only when specifically authorized to do so and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction.[6] The party asserting jurisdiction has the burden of establishing subject matter jurisdiction.[7]

Generally, a Rule 12(b)(1) motion to dismiss takes one of two forms: a facial attack or a factual attack.[8] In a factual attack, the moving party does not attack the sufficiency of the complaint but asserts that the Court lacks subject matter jurisdiction based on facts outside of the pleadings.[9] In that instance, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[10] When reviewing a factual attack, the Court "may not presume the truthfulness of the complaint's factual allegations."[11] Rather, the Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)" without needing to convert the motion to summary judgment.[12]

---

[4] Fed. R. Civ. P. 12(b)(1).

[5] *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (citations omitted).

[6] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

[7] *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir.2008).

[8] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

[9] *Id.* at 1003.

[10] *Id.*

[11] *Id.*

[12] *Id.*

**B.     Dismissal for Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[13] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[14] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[15] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[16] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[17] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[18] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[19]

---

[13] Fed. R. Civ. P. 12(b)(6).

[14] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[16] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[17] *Iqbal*, 556 U.S. at 678–79.

[18] *See id.* ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (citation omitted)).

[19] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

**C.     Judgment on the Pleadings**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed," but "early enough not to delay trial."[20] The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6).[21] To survive a motion for judgment on the pleadings, the complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[22] All reasonable inferences from the pleadings are granted in favor of the non-moving party.[23] Judgment on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[24] Documents attached to the pleadings are exhibits and may be considered in deciding a Rule 12(c) motion without converting the motion into one of summary judgment.[25] However, "the documents may only be considered to show their contents, not to prove the truth of matters asserted therein."[26]

### III.     Analysis

**A.     GCCC's Motion to Dismiss**

*1.     Legal Malpractice & Negligent Misrepresentation*

GCCC asks this Court to dismiss Swender's claims against it for legal malpractice and negligent misrepresentation. Under Kansas law, an action for legal malpractice may sound in tort

---

[20] Fed. R. Civ. P. 12(c).

[21] *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013).

[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[23] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (citation omitted).

[24] *Id.* (quotations marks and citation omitted).

[25] *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013).

[26] *Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006).

or contract.[27] Here, both parties agree that Swender's legal malpractice claim sounds in tort. Additionally, Kansas recognizes negligent misrepresentation as a tort.[28] Furthermore, a public community college qualifies as a municipality under Kansas law.[29]

When a plaintiff brings a tort claim against a municipality or its employees, the Kansas Tort Claims Act ("KTCA") applies.[30] Under the KTCA, "any person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act [to] file a written notice . . . before commencing such action."[31] Claimants must file notice "with the clerk or governing body of the municipality" and must wait to file their suit until after they have received notice from the municipality that it has been denied or 120 days have passed.[32]

This notice requirement operates as a condition precedent to suing a municipality, and plaintiffs must allege in their complaints that they have provided the requisite notice.[33] If a plaintiff fails to plead that he has complied with K.S.A. § 12-105b(d) the court lacks subject matter jurisdiction over those tort claims.[34]

---

[27] *Sylvia v. Wisler*, 875 F.3d 1307, 1317 (10th Cir. 2017)

[28] *Davis v. City of Topeka*, 366 P.3d 667 (table), 2016 WL 852881, at *2 (Kan. Ct. App. 2016) (citing *Mahler v. Keenan Real Estate, Inc.*, 255 Kan. 593, 604–05, 876 P.2d 609 (1994)).

[29] K.S.A. § 12-105a(a) ("'Municipality' means and includes . . . community junior college."); *see also* K.S.A. § 75-6102(b) ("'Municipality' means any . . . school district or other political or taxing subdivision of the state, or any agency, authority, institution or other instrumentality thereof."); *Lask v. Kan. City*, 2023 U.S. Dist. LEXIS 138239, at *7 (D. Kan. Aug. 8, 2023) ("[T]o the extent community colleges have been characterized by Kansas state law, they have been characterized as municipalities." (quoting *Bland v. Kan. City, Kan. Cmty. Coll.*, 271 F. Supp.2d 1280, 1287 (D. Kan. 2003)).

[30] *R.P. v. First Student*, 62 Kan. App. 2d 371, 515 P.3d 283, 287 (2022) (citing K.S.A. §§ 75-6103, 75-6104).

[31] K.S.A. § 12-105b(d)(1).

[32] *Id.*

[33] *See* Fed. R. Civ. P. 9(c) (requiring the pleadings to allege "that all conditions precedent have occurred or been performed").

[34] *Ottawa N. R.R., LLC v. City of Baldwin*, 2023 U.S. Dist. LEXIS 205416, at *29 (D. Kan. Nov. 16, 2023).

Here, Swender fails to allege that he provided written notice to GCCC before commencing the present action. In fact, Swender admits that he did not provide notice, instead claiming that the notice requirement does not apply to him. Although he argues that the claims in this litigation do not fall within the definition of "claims" under K.S.A. § 12-105a(c), the Court is unpersuaded. Clearly, Swender's legal malpractice and negligent misrepresentation claims are tort claims. Further, caselaw confirms the longstanding rule that KTCA claims filed against municipalities are subject to the notice requirement.[35] Moreover, the statute's plain language defines "claim" as a document stating the amount of monetary damages the municipality owes the claimant for some action taken by or for the municipality.[36] Here, Swender clearly requests monetary damages from the municipality for the municipality's vicarious acts of legal malpractice and negligent misrepresentation. Therefore, because Swender fails to satisfy the notice precondition, the Court must dismiss his legal malpractice and negligent misrepresentation claims for lack of subject matter jurisdiction.

### 2. Breach of Contract

GCCC also asks this Court to dismiss Swender's claim against it for breach of contract. The elements of a breach of contract claim under Kansas law are: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach."[37]

---

[35] *Compare James v. City of Wichita*, 202 Kan. 222, 225, 447 P.2d 817 (1968) (one of the earliest recitals of the notice requirement rule), *with Smith v. Williams*, 2022 U.S. Dist. LEXIS 167066, at *11 (D. Kan. Sep. 14, 2022) (continuing to apply the notice requirement rule).

[36] K.S.A. § 12-105a(c); *see also Morgan v. Bd. of Cnty. Comm'rs*, 406 P.3d 923 (Kan. Ct. App. 2017).

[37] *Brandon Steven Motors, LLC v. Landmark Am. Ins. Co.*, 2024 U.S. App. LEXIS 3047, at *16 (10th Cir. Feb. 9, 2024) (quoting *Stechschulte v. Jennings*, 297 Kan. 2, 298 P.3d 1083, 1098 (Kan. 2013)).

Swender and GCCC willingly entered into two separate contracts: the Employment Contract and the Separation Agreement. But in effect, Swender argues that parts of the Separation Agreement necessarily incorporated and relied upon parts of the Employment Contract—specifically, the parts that detailed his annual salary and benefits.

Swender contends that he agreed to step down as GCCC's president in August 2018 in exchange for continuing to receive his "present salary and benefits through January 1, 201[9]" that "shall not be subject to any reduction or setoff." Although the Separation Agreement did not explicitly list Swender's "present salary and benefits," section 5 of the Employment Contract did. KPERS coverage was among many of the benefits listed in section 5.

Swender alleges that GCCC breached the Separation Agreement when GCCC reported to KPERS that Swender's last day of employment was August 7, 2018, instead of January 1, 2019. Because of this, KPERS discontinued Swender's coverage on August 7. So, when Swender applied for retirement benefits, KPERS informed him that he was unable to claim them because his work as an independent consultant for GCCC between August and December did not qualify. As a result, Swender argues that he lost the retirement benefits promised to him by his Employment Contract and reaffirmed by his Separation Agreement. Given these allegations, the Court finds that Swender has pled enough facts to state a plausible breach of contract claim.

In its Motion to Dismiss, GCCC raises two affirmative defenses against Swender's breach of contract claim: (1) it is barred by the statute of limitations, and (2) it is barred by the Release Clause in the Separation Agreement. The Tenth Circuit recognizes that, "on occasion it is proper to dismiss a claim on the pleadings based on an affirmative defense."[38] This situation arises when

---

[38] *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).

"the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements."[39]

The Court will first address GCCC's statute of limitations argument. "A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished."[40] "If from the complaint, the dates on which the pertinent acts occurred are not in dispute, then the date a statute of limitations accrues is a question of law suitable for resolution at the motion to dismiss stage."[41]

Here, Swender alleges that the breach occurred on August 7, 2018, when GCCC's discussion with KPERS resulted in the termination of Swender's retirement benefits. Since both the Employment Contract and the Separation Agreement were in writing, Swender argues that the applicable statute of limitations should be five years instead of three years.[42] The Court agrees. Because the filing date of the Complaint—August 2, 2023—is less than five years after the alleged breach occurred, Swender's breach of contract claim falls within the applicable statute of limitations. Thus, GCCC's Motion fails on this ground.

Next, the Court will first address GCCC's affirmative defense based on the parties' release agreement. Under Kansas law, the existence of a release agreement is an affirmative defense.[43] Courts may appropriately resolve a defendant's affirmative defense on a Rule 12(b) motion when

---

[39] *Id.* (citation omitted).

[40] *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal citations, quotation marks, and brackets omitted).

[41] *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022) (internal citations, quotations, and brackets omitted).

[42] *Compare* K.S.A. § 60-511(1) ("The following actions shall be brought within five years: An action upon any agreement, contract, or promise in writing."), *with* K.S.A. § 60-512(1) ("The following actions shall be brought within three years: All actions upon contracts, obligations, or liabilities expressed or implied but not in writing.").

[43] *White v. General Motors Corp.*, 908 F.2d 669, 672 (10th Cir. 1990) (citing *Tabor v. Lederer*, 205 Kan. 746, 472 P.2d 209, 211 (1970)).

the plaintiff incorporates a document essential to his claims either by reference or attaches a copy to his complaint.[44] Here, Swender incorporated the Release Clause by reference and attached a copy of the document to his complaint. Swender claims that he and GCCC signed the Separation Agreement on August 6, 2018. The Separation Agreement contained a Release Clause in which Swender agreed to release GCCC from any and all actions, contracts, costs, damages, debts due, demands, expenses, liabilities, and losses which Swender had against GCCC at the time they signed the Separation Agreement.

This agreement did not, however, release GCCC from any actions it may take *after* the date they signed the Separation Agreement. Swender claims that GCCC breached the Separation Agreement on August 7, 2018, thus creating a new cause of action from which GCCC was not released. Therefore, taking Swender's well-pleaded facts as true, the Court finds that Swender's breach of contract claim is not barred by the Release Clause.

### B.     Attorney Grisell & the Law Firm's Joint Motion for Judgment on the Pleadings

Attorney Grisell and the Law Firm seek judgment on the pleadings for Swender's claims of legal malpractice and negligent misrepresentation against Attorney Grisell directly and the Law Firm vicariously. The Court will address Swender's claims against Attorney Grisell first.

As torts, legal malpractice and negligent misrepresentation claims have limitation periods of two years.[45] However, the parties dispute when the two years started to run. Under K.S.A. § 60-513, actions limited to two years do not accrue "until the act giving rise to the cause of action first

---

[44] *See Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir. 2014) ("A district court may consider documents (1) referenced in a complaint that are (2) central to a plaintiff's claims, and (3) indisputably authentic when resolving a motion to dismiss without converting the motion to one for summary judgment.").

[45] *Mashaney v. Bd. of Indigents' Def. Servs.*, 302 Kan. 625, 355 P.3d 667, 672 (Kan. 2015) ("The limitations period for a legal malpractice claim in Kansas is two years." (citing K.S.A. § 60-513(a)(4))); *Kan. Wastewater, Inc. v. Alliant Techsystems, Inc.*, 257 F. Supp. 2d 1344, 1349 (D. Kan. 2003) ("The limitations period is also two years on a negligent misrepresentation claim." (citing K.S.A. § 60-513(a)(4))).

causes substantial injury," or "until the fact of injury becomes reasonably ascertainable to the injured party."[46] "Reasonably ascertainable does not mean actual knowledge."[47] Rather, "an injury is 'reasonably ascertainable' under § 60-513(b) 'when the plaintiff knew or could reasonably have been expected to know of the alleged negligence.'"[48] Thus, the trigger that starts the statute of limitations is *knowledge* of the injury, not the *extent* of injury.[49]

Under this accrual rule, then, the statute of limitations started when Swender's injuries became reasonably ascertainable, not when he realized the full extent of his injuries. Swender claims to have suffered professional and personal reputational harm, premature separation from GCCC, lost earnings and employment opportunities, and lost KPERS benefits. Swender argues that February 2023—the time at which the Students settled their underlying litigation—should begin accrual because it was not until then that he suffered the full extent of his injuries. However, that is not the proper legal standard. Rather, Swender's injuries became reasonably ascertainable sometime between August 6, 2018, when the parties signed the Separation Agreement, and January 1, 2019, when Swender's Employment Contract officially terminated. By January, Swender not only knew that he had lost his job but also knew the injuries that came with it—i.e., loss of earnings, loss of benefits, loss of employment opportunities, etc. Thus, regardless of whether Swender's injuries worsened after January, the Court must measure the statute of limitations by knowledge instead of extensiveness.

Ultimately, Swender filed this suit on August 2, 2023—much more than two years after January 1, 2019, the last possible date that Swender's injuries could have become reasonably

---

[46] K.S.A. § 60-513(b).

[47] *Wille*, 650 F. App'x at 630 (quoting *Davidson v. Denning*, 259 Kan. 659, 914 P.2d 936, 948 (Kan. 1996)).

[48] *Id.* (quoting *Knight v. Myers*, 12 Kan. App. 2d 469, 748 P.2d 896, 901 (Kan. Ct. App. 1988)).

[49] *Progressive Nw. Ins. Co. v. Gant*, 2017 U.S. Dist. LEXIS 106478, at *18 (D. Kan. July 11, 2017).

ascertainable. As such, Swender's claims against Attorney Grisell are barred by K.S.A. § 60-513's two-year statute of limitations.

Accordingly, because Swender's only claims against the Law Firm rest solely on a theory of vicarious liability, they too are time-barred for the same reasons.

**IT IS THEREFORE ORDERED** that Defendant GCCC's Motion to Dismiss (Doc. 21) is **GRANTED in part** and **DENIED in part**. Specifically, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's legal malpractice and negligent misrepresentation claims and **DENIES** Defendant's Motion to Dismiss Plaintiff's breach of contract claim.

**IT IS FURTHER ORDERED** that Defendant Randall D. Grisell's and Defendant Doering, Grisell & Cunningham, P.A.'s Joint Motion for Judgment on the Pleadings (Doc. 24) is **GRANTED**. Defendant Randall D. Grisell and Defendant Doering, Grisell & Cunningham, P.A. are terminated from the case.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE