IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HERBERT J. SWENDER,

    *Plaintiff*,

v.

GARDEN CITY COMMUNITY
COLLEGE,

    *Defendant*.

Case No. 23-CV-4067-EFM

**MEMORANDUM AND ORDER**

Before the Court is Garden City Community College's (GCCC) Motion to Dismiss Plaintiff Herbert J. Swender's remaining claim against it for lack of subject matter jurisdiction (Doc. 36). GCCC asks this Court to dismiss Swender's breach of contract claim, arguing that his recovery would not exceed the requisite jurisdictional amount. Because Swender has shown that it is not a legal certainty that his claim is less than $75,000, the Court denies GCCC's motion.

    **I.**    **Factual and Procedural Background[1]**

On July 1, 2011, GCCC and Swender entered into a contract (the "Employment Contract") whereby GCCC hired Swender to serve as its next president. The Employment Contract outlined Swender's various job duties and responsibilities, as well as his annual salary and benefits. Under Section 5(N) of the Employment Contract, one of the benefits Swender received included coverage by the Kansas Public Employees Retirement System ("KPERS"). This program invests a portion

---

[1] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited.

of the contributor's paycheck into a retirement system, so that when the contributor retires, KPERS will pay him a lifetime monthly benefit.

In 2018, a series of events led to internal GCCC discussions, which ultimately resulted in Swender's resignation. On August 6, 2018, GCCC and Swender entered into an agreement (the "Separation Agreement") under which Swender's formal employment relationship with GCCC would immediately terminate, but GCCC would retain Swender as an independent consultant through the end of the year.

Under the terms of the Separation Agreement, Swender believed that he would retain KPERS benefits through January 1, 2019. However, GCCC believed that the Separation Agreement entitled it to keep Swender as an independent consultant instead of an employee. Thus, on August 7, 2018—the day after the parties signed the Separation Agreement—GCCC notified KPERS that it no longer employed Swender as a full-time public employee.

Swender was unaware of GCCC's actions until December 2018 when he applied to KPERS for retirement benefits. At that time, KPERS informed Swender that he could not claim certain benefits under his retirement plan because he did not finish the 2018 year as a GCCC employee. Specifically, KPERS informed him that his employment from August through December as an independent consultant did not count toward time worked as a GCCC "employee." Swender ceased working for GCCC in all capacities on January 1, 2019.

On August 2, 2023, Swender filed suit against GCCC, among others, asserting various common law claims. On October 10, 2023, GCCC moved to dismiss all counts against it for failure to state a claim. On March 29, 2024, the Court issued an order granting GCCC's motion as to Swender's legal malpractice and negligent misrepresentation claims but denying it as to Swender's breach of contract claim.

On April 26, 2024, GCCC filed the present Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction to adjudicate Swender's remaining breach of contract claim because the amount in controversy requirement is unmet. Swender responded on June 17, 2024.[2] GCCC did not file a reply.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a claim for lack of subject-matter jurisdiction.[3] Federal courts are courts of limited jurisdiction, and a presumption exists against exercising jurisdiction over a case.[4] Thus, the Court may exercise jurisdiction only when specifically authorized to do so and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction.[5] The party asserting jurisdiction has the burden of establishing subject matter jurisdiction.[6]

Generally, a Rule 12(b)(1) motion to dismiss takes one of two forms: a facial attack or a factual attack.[7] In a factual attack, the moving party does not attack the sufficiency of the complaint but asserts that the Court lacks subject matter jurisdiction based on facts outside of the pleadings.[8] In that instance, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[9] When reviewing a factual attack, the Court

---

[2] On May 7, 2024, the Court granted Swender's unopposed motion for an extension of time to respond to GCCC's Motion to Dismiss.

[3] Fed. R. Civ. P. 12(b)(1).

[4] *See In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (citations omitted).

[5] *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018).

[6] *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir.2008).

[7] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

[8] *Id.* at 1003.

[9] *Id.*

"may not presume the truthfulness of the complaint's factual allegations."[10] Rather, the Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)" without needing to convert the motion to summary judgment.[11]

### III.  Analysis

GCCC moves to dismiss the breach of contract claim, arguing that Swender fails to plead to a degree of legal certainty that he exceeds the $75,000 threshold necessary for this Court to have subject matter jurisdiction. In opposition, Swender contends that the monetary losses he incurred due to GCCC's breach of contract well-exceed the amount in controversy requirement.

"There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331."[12] In this case, only the breach of contract claim remains. Breach of contract claims do not invoke federal question jurisdiction because they are governed by state law.[13] Thus, diversity jurisdiction is the only remaining basis for federal subject matter jurisdiction.

Under § 1332, diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states."[14] Here, GCCC is a citizen of Kansas, and Swender is a citizen of Oklahoma. Accordingly, the "citizens of different states" requirement is met. Therefore, the remaining question before this Court is whether the amount in controversy exceeds $75,000.

---

[10] *Id.*

[11] *Id.*

[12] *Barragan v. St. Catherine Hosp.*, 339 F. Supp. 2d 1141, 1143 (D. Kan. 2004).

[13] *See Mingus v. Blue Cross & Blue Shield of Kan., Inc.*, 2017 WL 4882658, at *2 (D. Kan. Oct. 30, 2017).

[14] 28 U.S.C. § 1332(a)(1).

When courts evaluate a motion to dismiss for lack of jurisdiction based on the amount in controversy, the amount alleged by a plaintiff controls unless it is not made in good faith.[15] Ultimately, "[t]he test is whether there is 'legal certainty' that the plaintiff *cannot* recover the jurisdictional amount."[16] The party invoking the federal court's jurisdiction has the burden "to show it is *not* a legal certainty that the claim is less than the jurisdictional amount."[17] "The legal certainty standard is very strict."[18] The Tenth Circuit has held that "it is difficult" to dismiss for failure to meet the statutory jurisdictional threshold in § 1332(a).[19] "Generally, dismissal under the legal certainty standard will be warranted only when a contract limits the possible recovery, when the law limits the amount recoverable, or when there is an obvious abuse of federal court jurisdiction."[20]

Swender's Complaint does not allege an exact amount for damages. Rather, he claims to have "suffered considerable financial losses including . . . lost KPERS benefits in an amount to be determined at trial, but which in any event are greater than $75,000." In its last order, the Court denied GCCC's Rule 12(b)(6) motion on Swender's breach of contract claim relating to KPERS benefits. Now, the Court must decide whether it is legally certain that Swender cannot recover more than the jurisdictional amount for his lost KPERS benefits.

Both parties agree that Swender presently receives $8,741.03 as a gross monthly benefit from KPERS. KPERS calculated this figure based on the first, second, and third quarters of

---

[15] *Adams v. Reliance Standard Life Ins.*, 225 F.3d 1179, 1183 (10th Cir. 2000).

[16] *Vazquez v. Gomez*, 2022 WL 1597812, at *5 n.6 (D. Kan. May 16, 2022), *appeal dismissed*, 2022 WL 16926360 (10th Cir. June 7, 2022) (emphasis added); *see also id.*

[17] *Adams*, 225 F.3d at 1183 (emphasis added).

[18] *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).

[19] *Id.*

[20] *Id.* at 1217.

Swender's 2018 salary. This calculation does not include the salary that Swender received as a "independent consultant" in the fourth quarter of 2018. Both parties agree that had KPERS included in its calculations Swender's 2018 fourth quarter salary as an employee, he would be receiving $9,074.82 as a gross monthly benefit. Swender contends that KPERS did not calculate his 2018 fourth quarter salary because of GCCC's alleged breach of contract. The difference between what Swender currently receives monthly and what he believes he is entitled to receive monthly is $333.78 per month.

GCCC argues that Swender fails to meet the amount in controversy requirement because $333.78 falls extremely short of the $75,000 threshold. Although $333.78 certainly does not exceed $75,000, the amount recoverable for Swender's claim is more than the benefit difference of a single month. Rather, the amount recoverable under Swender's breach of contract claim would include the $333.78 benefit difference of *each* month he received $8,741.03 in KPERS benefits. Swender received his first KPERS payment on April 1, 2019, and will continue to receive monthly payments for the rest of his life. From the time of his first payment through the end of July 2024, 64 months have passed during which Swender has drawn $8,741.03 in retirement benefits instead of $9,074.81 in retirement benefits. This amounts to $21,361.92 in lost retirement benefits to date.

Additionally, when determining the amount in controversy, "the Court is not limited to considering damages already incurred, but rather may consider damages that continue to accrue."[21] Swender turned 64 years old in July 2024, and according to the United States Social Security Administration's Actuarial Life Table, a 64-year-old male has a remaining life expectancy of 17.63 years. Thus, over the course of the next 17.63 years, Swender should receive at least 211 monthly KPERS payments. This means that over the course of his expected remaining life, Swender will

---

[21] *Jet Airparts, LLC v. Reg'l One, Inc.*, 2018 WL 5617827, at *6 n.16 (D. Kan. Oct. 30, 2018).

have lost out on $70,427.58. When combining his to-date losses, $21,361.92, with his anticipated future losses, $70,427.58, the amount recoverable for Swender's KPERS benefits totals at least $91,789.50. Therefore, Swender has alleged a matter in controversy exceeding $75,000.

Swender provides several other examples of how his miscalculated KPERS benefits financially impacts other areas of his life. However, the Court need not address them since Swender has met his burden of showing that it is not a legal certainty that his claim is less than the requisite jurisdictional amount.

Moreover, the circumstances generally needed to meet the strict standard for dismissal are not present in this case. For instance, GCCC does not suggest that the Employment Contract or the Separation Agreement limit possible recovery, that the law limits the recoverable amount, or that allowing this case to proceed before a federal court is an obvious abuse of jurisdiction. Given that a lack of legal certainty is such a stringent standard, the Court finds Swender's explanation for meeting the jurisdictional threshold sufficient. Consequently, the Court denies GCCC's motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant Garden City Community College's Motion to Dismiss (Doc. 36) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 28th day of August, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE